In the Matter of RALPH E. COREY, Attorney at Law

NO. 5344

OCTOBER 19, 1973

RICHARDSON, C.J., ABE, LEVINSON AND
KOBAYASHI, JJ., AND CIRCUIT JUDGE VITOUSEK
IN PLACE OF MARUMOTO, J., RECUSED

*Per Curiam.* This is an original proceeding initiated by this court on an order to show cause issued by this court ordering respondent Ralph E. Corey, Esq., to file a written statement showing cause why he should not be censured, suspended, or disbarred from all the courts of the State of Hawaii based on the record of the case entitled *State Savings and Loan Association v. Ralph E. Corey and Robert M. Kimbrough and Wallace C. S. Young,* 53 Haw. 132, 488 P.2d 703. The attorney general of the State of Hawaii was requested, personally or through a deputy, to appear in the proceeding as amicus curiae.

By order of this court filed November 16, 1972, this court ordered, *inter alia,* as follows:

a. Respondent's request for permission to inspect the records and files of the Supreme Court Rule 16(c) Commission relating to this matter is granted;

48

b. The attorney general, or his deputy appearing in this matter, shall serve upon the respondent's attorney and file with the clerk of this court a specification of such portions of the transcript and exhibits in said State Savings case, No. 5021 [53 Haw. 132, 488 P.2d 703], as, in his opinion, would support action by this court in censuring, suspending or disbarring respondent, together with a memorandum of law in support of such opinion;

c. Respondent shall serve upon the attorney general and file with the clerk of this court a specification of such portions of the transcript and exhibits in said State Savings case, No. 5021 [*supra*], as, in his opinion, indicate that this court should not censure, suspend or disbar respondent, *together with such offer of proof as respondent may wish to make in additional support of respondent's position,* together with a memorandum of law in support of respondent's opinion, *it being understood that the attorney general or his deputy shall have the burden* of proof in justifying disciplinary action against the respondent. (Emphasis added.)

The specifications and memoranda of law were filed by the attorney general and the respondent. However, though given the opportunity, the respondent failed to file any offer of proof which would additionally support respondent's position herein.

This court has jurisdiction over matters concerning disciplinary action of members of the bar. HRS § 605-1, as amended by Act 184, sec. 1(a), S.L.H. 1972.

After a thorough and complete review of the record of said case we are of the opinion that respondent is guilty of misrepresentation amounting to fraud and thus as an attorney is guilty of professional misconduct. The record of said case shows that respondent, who was a substantial shareholder, a corporate officer (vice president) and corporate attorney of Kauaian Development Company, a corporation, committed said misrepresentation in his effort to obtain for said corporation a mortgage loan from State Savings and Loan Association for the construction of a hotel-condominium.

A brief summary of the facts herein is as follows:

Respondent, as attorney and corporate officer, was fully aware of the fact that there were two construction contracts:

1. Construction contract dated October 28, 1963, stating in pertinent parts as follows:

WITNESSETH, that the Contractor [Better Built Hawaii, Ltd.] and the Owner [Kauaian Development Company, Inc.] for the considerations hereinafter named agree as follows:

. . . .

The Contractor shall furnish all of the materials and perform all of the work shown on the Drawings and described in the Specifications entitled "The Kauaian Hyatt House" prepared by . . . , acting as and in these Contract Documents entitled the Architect; and shall do everything required by this Agreement, the General Conditions of the Contract, the Specifications and the Drawings.

. . . .

The Owner shall pay the Contractor for the performance of the Contract, subject to additions and deductions provided therein, in current funds as follows: SEVEN HUNDRED SIXTY-ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($761,500.00).

THE OWNER SHALL HAVE THE OPTION TO PAY THE CONTRACTOR AN ALTERNATE CONTRACT AMOUNT OF: COST PLUS 7%, COST BEING DETERMINED BY STANDARD A.I.A. ACCOUNTING PROCEDURE.

2. Construction Contract dated November 8, 1963, executed by and between Better Built Hawaii, Ltd., as contractor, and Kauaian Development Company, Inc., as owner, stating as follows:

It is agreed between Better Built Hawaii, Inc. and Kauaian Development Company, Inc. that a new cost figure has been reached relative to the Kauaian Hyatt

House and subject price is now $600,000 total cost for all contractual work, including rock wall and fill and pier facilities. In addition, an agreement is reached whereby any savings under $600,000 will be divided equally between Better Built Hawaii, Inc. and Kauaian Development Company, Inc. In addition, Mr. Emil A. Offer, and/or Better Built Hawaii, Inc. will receive $60,000 worth of apartments in the Kauaian Hyatt House upon completion of the contract.

The construction contract dated October 28, 1963, was not for the purpose of actual construction but was executed only for the purpose of obtaining construction financing from State Savings and Loan Association. However, State Savings and Loan Association was not informed that said construction contract was for financing purpose only and not for actual construction purposes and was led to believe that the said contract was the actual construction contract. The actual contract for construction purposes was the contract dated November 8, 1963. Notwithstanding the existence of the actual construction contract, respondent as said corporate attorney and corporate officer represented to State Savings and Loan Association that the cost of construction of the improvements was determined on the construction contract referring to a maximum amount of $761,000.00, and respondent failed to inform and/or cause to have the said mortgagee informed that the actual construction contract cost was $600,000.00 plus rather than premised on the contract referring to the sum of $761,000.00. Said representation by respondent was by direct actions and also by way of acquiescence through silence on the part of respondent during various meetings held with the mortgagee in their discussions, negotiations and consummation of the mortgage loan.

The record of the present proceeding substantiates the fact to be that the purpose of respondent in failing to inform the mortgagee of the actual cost of construction in the sum of $600,000.00 plus was to acquire a larger mortgage loan than would have been possible if the actual construction contract had been used for the financing purposes. Mortgagee, not

knowing of the actual construction contract and relying on respondent's representation that the cost of construction was determined on the contract referring to the sum of $761,000.00, did on January 17, 1964, grant the mortgage loan in question to respondent's corporation.

The conduct of the respondent was in violation of the following canons of ethics which were in effect when said misrepresentation occurred:[1]

Canon 15 — HOW FAR A LAWYER MAY GO IN SUPPORTING A CLIENT'S CAUSE. . . . The office of attorney does not permit, much less does it demand of him for any client, violation of law or any manner of fraud or chicane. He must obey his own conscience and not that of his client.

Canon 16 — RESTRAINING CLIENTS FROM IMPROPRIETIES. A lawyer should use his best efforts to restrain and to prevent his clients from doing those things which the lawyer himself ought not to do, . . . . If a client persists in such wrongdoing the lawyer should terminate their relation.

Canon 29 — UPHOLDING THE HONOR OF THE PROFESSION. . . . He should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice.

Canon 32 — THE LAWYER'S DUTY IN ITS LAST ANALYSIS. No client, corporate or individual, however powerful, nor any cause, civil or political, however important, is entitled to receive, nor should any lawyer render any service or advice involving disloyalty to the law whose ministers we are, or disrespect of the judicial office, which we are bound to uphold, or corruption of any person or persons exercising a public office or private trust, or deception or betrayal of the public. When rendering any such improper service or advice, the

---

[1]Under Rule 16(a) of the Rules of the Supreme Court of Hawaii which were applicable at the time the misrepresentation occurred in November-December, 1963, the canons of professional ethics as adopted by the American Bar Association were in effect and are applied here.

lawyer invites and merits stern and just condemnation. . . .

In a case involving the participation of an attorney in the fraudulent sale of a bakery, the New York Supreme Court, Appellate Division, found the attorney " . . . guilty of professional misconduct by reason of his active participation in the fraud, his silence when he knew the buyer was being defrauded and his violation of a fiduciary relationship as escrow holder of the moneys paid by the buyer", and disbarred him. *In re Sherman*, 65 N.Y.S.2d 802, 803, 271 A.D. 462 (1946).

> It is well settled that an attorney engaged in practice of law is held to the same "highest standards of ethical and moral uprightness and fair dealing" when acting as a businessman or when acting as a lawyer and is subject to disciplinary action if he fails to maintain those standards in either capacity. *Marco v. Dulles*, 169 F.Supp. 622, 631 (S.D.N.Y. 1959).

> While commercial activities are not forbidden a lawyer, he "must see that his dealings as a business man are as upright as should be his dealings in his professional capacity" . . . . *Matter of Chartoff*, 316 A.D.2d 277, 280, 227 N.Y.S.2d 578, 581 (1962).

The above stated principles regarding the conduct of an attorney either in his professional capacity or as a businessman are those for which we find Mr. Corey has shown a complete disregard.

The respondent has failed to show cause why he should not be censured, suspended or disbarred. Issues raised in this proceeding by respondent are without merit.

We therefore, based on the record herein, suspend his license to practice law before all the courts of the State of Hawaii for a period of six months effective thirty days after entry of judgment in this case by this court.

*Helen B. Ryan (Ryan and Ryan* of counsel) for respondent.

*E. John McConnell, Jr.*, Deputy Attorney General (*George Pai*, Attorney General, of counsel) for State of Hawaii, amicus curiae.